## BEN–WAT CORPORATION v. DAVID LUPTON'S SONS CO.

(District Court, E. D. Pennsylvania. December 31, 1925.)

No. 10968.

Patents ⊚⇒209(1)—Agreement for license and royalties held not complete, but merely preliminary.

Agreement granting license under patents, providing that "a formal contract shall be * * * executed," etc., *held* not a complete contract, binding licensee to pay minimum royalties until patents and other terms and conditions should meet approval of parties' attorneys.

In Equity. Suit by the Ben-Wat Corporation against the David Lupton's Sons Company. On motion for new trial. Motion denied.

W. Heyward Myers, Jr., of Philadelphia, Pa., and Lawrence Bristol, of New York City, for plaintiff.

William W. Porter, of Philadelphia, Pa., for defendant.

Before THOMPSON and DICKINSON, District Judges, sitting in banc.

THOMPSON, District Judge. The plaintiff brought suit upon an agreement dated May 17, 1923, granting the defendant a license for the use, manufacture, and sale of vaporizers for internal combustion engines under the plaintiff's invention, patents, and applications for patents, for which the defendant was to pay royalties, the minimum of which was to be $12,500 per annum. The defendant had never used the invention. The suit was brought to recover $12,500, the minimum for one year provided for in the agreement.

The final clause of the agreement is as follows: "It is hereby agreed that a formal contract shall be prepared and executed by both parties on or before June 1, 1923, setting forth in detail the patents, application for patents and other terms and conditions as may be approved by attorneys of both parties of this preliminary contract which is entered into in good faith and full responsibility by the licensee and manufacturer."

The above clause clearly means that the document upon which suit was brought is a mere preliminary agreement, and that, before entering into a formal contract, which it was intended should follow, the parties should have the approval of their attorneys of the patents and applications for patents, and of other terms and conditions, and that, following such approval, the patents and applications and the other terms and conditions, upon which the parties had not yet agreed, should be set forth in the formal contract in detail. The clause should have a reasonable construction.

As the value of the license depends upon the validity of the patents, and other terms and conditions were to be added, the document was not a complete contract, but was merely preliminary, and it was the intention of the parties that it was to be followed by a more formal document, constituting a complete agreement, provided that the patents, as well as other terms and conditions to be later agreed upon, should meet the approval of the attorneys of both parties. It follows that the defendant did not agree to pay a minimum of $12,500 per annum in royalties until it was satisfied by the approval of its attorneys of the validity of the patents and applications, and until the parties had agreed upon and had the approval of their attorneys of additional terms and conditions to be added. The motion for new trial is denied.